```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

David Angel,                    :

      Plaintiff,              :

  v.                            :       Case No. 2:15-CV-2412

Bilfinger Westcon, Inc.,        :       JUDGE MICHAEL H. WATSON
                                                     Magistrate Judge Kemp
      Defendant.              :

ORDER

      This ADA case is before the Court for a ruling on Plaintiff David Angel's motion to compel production of documents (Doc. 39). The motion challenges Defendant Bilfinger Westcon's decision to withhold certain documents from production based on the work product doctrine. Bilfinger Westcon has responded and also produced the documents for an *in camera* review. The Court has been informed that Mr. Angel will not file a reply. The parties have requested expedited consideration of the motion. For the following reasons, the Court will grant the motion in part and deny it in part.

      The privilege log prepared by Bilfinger Westcon lists both emails and their attachments, and the documents submitted to the Court include both. The Court begins with the assumption that most, if not all, of the attachments to the withheld emails have separately been produced. Those documents do not appear to be subject to any privilege or other basis for withholding them. Consequently, the Court will focus just on the emails.

      There is no need to write a treatise here on the law of work product. The parties' positions are centered on the issue of whether, when these emails were written, Bilfinger Westcon could reasonably have anticipated facing litigation about the subjects

discussed in the emails. In order for the work product doctrine to apply, a party must not only be anticipating litigation, but must do so reasonably. See <u>Jones v. St. Jude Medical S.C., Inc.</u>, 2011 WL 829086, *6 (S.D. Ohio March 3, 2011)("the party claiming work product protection has the burden of showing both the existence of a subjective fear of litigation and the objective reasonableness of that fear, and the burden of coming forward with some admissible evidence that, in fact, the anticipation of litigation was the motivating factor behind the preparation of the documents").

Mr. Angel's argument about why these emails, which are primarily communications between Bilfinger Westcon and either its workers' compensation administrator or the doctor it consulted in connection with Mr. Angel's workers comp claim, is that Bilfinger Westcon could not have reasonably anticipated litigation in connection with the claim of ulnar nerve injury (which Mr. Angel sought to add to his claim in late 2014) until it was allowed. The allowance did not occur until May, 2015. Consequently, it asserts that all communications about the claim prior to that date are not protected by the work product doctrine.

Mr. Angel cites to two decisions in support of his argument. The first, <u>Michigan First Credit Union v. Cumis Ins. Soc., Inc.</u>, 2006 WL 1851018 (E.D. Mich. July 5, 2006), involved documents created during the time that a workers' compensation claim was under investigation by the company. The company did not finally deny the claim until November, 2005; prior to that, because it was simply investigating a claim that might have been resolved in the employee's favor, the court concluded that litigation was not a real possibility until the investigation concluded. The second, <u>Massi v. Walgreen Co.</u>, Case No. 3:05-cv-425(E.D. Tenn. Oct. 25, 2006), involved communications between Walgreen's and its claims management company concerning a customer's request for

payment for medical services he incurred due to an allegedly improperly-filled prescription.  Massi, citing Cumis, concluded that the communications would have occurred regardless of whether litigation was reasonably anticipated, and that they were made for the ordinary business purpose of investigating and attempting to resolve the customer's complaint, and not because of aniticipated litigation.  That anticipation did not "ripen" until Walgreen's decided not to resolve the claim with the customer, which decision post-dated the communications in question.

     Neither of these cases involved the situation presented here, however.  As the Court understands it, the "final allowance" of the ulnar nerve claim to which Mr. Angel refers is the allowance made by the Bureau of Workers' Compensation, and not the "final decision" on that claim made by Bilfinger Westcon.  Without revealing anything about the content of the emails at issue beyond what Bilfinger Westcon has disclosed on its privilege log or in its brief, the emails show that from the time Mr. Angel attempted to get this claim added, Bilfinger Westcon either intended to oppose it or, at least, not to acquiesce in having it added, and it was considering whether to litigate the issue.  Most of the emails also refer to the fact that Mr. Angel had hired an attorney and to Bilfinger Westcon's strategy in dealing with either his workers' comp claim or his EEOC complaint.  With the possible exception of the email from Rikk Wampler to Dr. Lam dated December 15, 2014, all of the emails appear to have been prepared as part of a reasonable anticipation of litigation, either in the workers' comp setting or elsewhere.  However, because the Court cannot determine either from that one email, or any other materials submitted by Bilfinger Westcon, that it was prepared outside of the ordinary course of business, the Court will order that one to be produced.  Otherwise, the Court upholds the work product claim as to the balance.

For these reasons, the motion to compel (Doc. 39) is granted in part and denied in part. Bilfinger Weston shall produce the December 15, 2014 email within 48 hours of the date of this order.

### Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge